RUSSELL, J.,
dissenting:
¶ 9.1 respectfully dissent because SNAP recipients are a distinguishable class of individuals and, therefore, cannot be considered the “general public” for purposes of standing in this case.
¶ 10. The term “public” is defined as a noun as “[t]he people of a nation or community as a whole.” Black’s Law Dictionary 579 (Bd Pocket ed.2006). The term “public” is defined as an adjective as “[r]elating or belonging to an entire community, state, or nation[,]” and “[o]pen or available for all to use, share, or enjoy.” Black’s Law Dictionary 579 (3d Pocket ed.2006). In this case, SNAP recipients, like recipients of welfare, food stamps, and social-security benefits, cannot be considered the “general public” because by definition, only certain individuals receive these benefits. Moreover, the whole community of Laurel does not receive SNAP benefits. Therefore, the majority’s conclusion that “the adverse effect of placing the county DHS office in Ellisville as opposed to Laurel is certainly the same adverse effect [of] any recipient of SNAP benefits who lives in Laurel[,][and][c]onsequently, that adverse effect must be considered to be the same adverse effect that would be experienced by members of the general public who happen to live in Laurel” is incorrect.
¶ 11. While it is true that all people who live in Laurel are members of the general public, it does not logically follow that all people living in Laurel receive SNAP benefits. Indeed, the people living in Laurel who do not receive SNAP benefits will not experience an adverse effect at all. For *1152 these reasons, I would find that Hudson, as a SNAP recipient, cannot be considered merely a member of the general public. See Hall v. City of Ridgeland, 37 So.3d 25, 34 (¶ 24) (Miss.2010) (noting that “the adverse effect experienced must be different from the adverse effect experienced by the general public” to have standing).
¶ 12. Additionally, since Hudson is a low-income SNAP recipient, he does not need to represent anyone other than himself to have standing in this case. At a minimum, Hudson would personally suffer an adverse effect due to the further distance he would be required to travel to the new DHS office location and an increased expense. In my view, this would be a sufficient “colorable interest in the subject matter of the litigation.” See id. at 33 (¶ 24) n. 6 (noting that “ ‘[cjolorable,’ when used to describe a claim or action, means ‘appearing to be true, valid, or right.’ ”).
¶ 13. Accordingly, I would find that Hudson has standing to bring his claim.
IRVING, P.J., JOINS THIS OPINION.